THE PEOPLE OF THE STATE OF NEW YORK EX REL. GEORGE W. OSTRANDER AND OTHERS, v. ALFRED C. CHAPIN, COMPTROLLER OF THE STATE OF NEW YORK.

*Cancellation of an invalid tax sale by the comptroller* — 1855, *chap.* 427, *sec.* 85 — *grantees of the land conveyed to the purchaser are entitled to receive the purchase-money as his assigns.*

At a State tax sale held in 1859, certain lands in Essex county were sold to one Orson Richards, to whom a deed was subsequently delivered, which deed was thereafter, on January 31, 1885, canceled by the comptroller, he having discovered that said sale was invalid. In December, 1885, the sole surviving administrator of Orson Richards, deceased, assigned the right to receive the purchase-money, paid upon the sale, to one Marsh, who subsequently assigned the same to the relators, who presented a petition to the comptroller praying that the amount found due for the purchase-money and interest should be paid to them.

It appeared that Orson Richards had conveyed certain of the lands, deeded to
him by the State, to various persons.

*Held,* that the application was properly denied, as the grantees of Orson Richards
were entitled to the purchase-money, as his "assigns," under the provisions con-
tained in section 85 of chapter 427 of 1855, directing the comptroller "to refund
out of the State treasury to the purchaser, his representatives *or assigns,* the
purchase-money and interest thereon."

CERTIORARI to review the proceedings of Alfred C. Chapin, as
comptroller of the State of New York, denying an application of the
relators to have refunded to them certain moneys in the State
treasury by reason of the cancellation of a tax sale theretofore made.

The petition upon which the *certiorari* was granted disclosed the
following facts: That at the State tax sale of 1859 certain lands in
Essex county, a description of which are attached to the petition,
were sold to one Orson Richards, and subsequently a deed of said
lands was executed to Richards. Richards died intestate, and
letters of administration upon his estate were granted to Eben
Richards and Julia A. Richards. The sale made by the comptroller
was canceled by that officer in January, 1885. Subsequent to the
cancellation, and in December, 1885, Eben Richards, the surviving
administrator of Orson Richards, assigned to one James P. Marsh all
claim to the cancellation money, and said Marsh subsequently
assigned to the claimants, who presented a claim for the same to the
comptroller. The amount of money in controversy is $1,053.65.
The return of the comptroller to the writ recites, that from an
examination of the papers presented to him, and the several con-
veyances referred to in an abstract of title to certain lands, which
is made a part of the return, wherein it appears that Orson Richards
conveyed certain of the lands, deeded to him by the State, to various
parties, and being satisfied that the applicants established no right
to recover the cancellation money therefor, and there being no proof
as to what portion of same, if any, had not been conveyed, the
application was denied.

*Arthur L. Andrews,* for the relators.

*D. O'Brien,* attorney-general, for the comptroller.

LANDON, J.:

Section 85 of chapter 427, Laws 1855, provides that whenever
the comptroller shall have sold lands for taxes, and "if the discovery

that the sale was invalid shall not be made until after the conveyance shall have been executed for the lands sold, it shall be the duty of the comptroller, on receiving evidence thereof, to cancel the sale, to refund out of the State treasury to the purchaser, his representatives or assigns the purchase-money and interest thereon."

Here, before the discovery was made, the conveyance had been executed to Orson Richards. When the comptroller canceled the sale, if Richards or his representatives had held the lands under the comptroller's deed, then the purchase-money and interest, by the terms of the statute, would have been payable to one or the other of them. But Richards conveyed by deed the most part of these lands; thus, as we think, presenting the case in which, under the statute, the purchase-money for the part sold is payable to "his assigns." It would be inequitable for Richards to receive from the State the purchase-money of the lands which he had sold to another. It is his grantee who suffers by the failure of title, and hence has a claim upon the justice of the State. Suppose Richards insolvent. He would get double pay for this land and his grantee get nothing. The statute should be so construed as to accomplish justice, and not invite dishonesty. The right of the grantee to these moneys was sustained in *People ex rel. Millard* v. *Chapin* (40 Hun, 386). The case was reversed, but upon other grounds. (104 N. Y., 96.)

The order of the comptroller should be affirmed, with costs.

FISH and PARKER, JJ., concurred.

Order affirmed, with costs.